THE STATE, EX REL. TIPTON, APPELLANT, *v.* SCHROTEL, CHIEF
OF POLICE, APPELLEE.

(No. 68-718—Decided May 21, 1969.)

*Mr. Paul B. Tipton, in propria persona.*

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr.
Leonard Kirschner,* for appellee.

*Per Curiam.* Appellant states in his brief that he has
"* * * made numerous attempts via letters and a petition
for a writ of mandamus to the court (Municipal Court,
Cincinnati, Ohio), requesting the detainer be dismissed or
withdrawn or that arrangements be made that a trial be
had according to the laws and the Constitution of Ohio."
He relies on *State, ex rel. Lotz,* v. *Hover* (1962), 174 Ohio

St. 68, 186 N. E. 2d 841. In that case, the prisoner had been indicted and was diligent in seeking action on the indictments. The court allowed a writ of mandamus ordering the prosecuting attorney to dismiss the indictments. However, upon rehearing the writ was withdrawn (174 Ohio St. 380) on the ground that the prosecuting attorney could dismiss the indictments only with the consent of the Court of Common Pleas and therefore did not have the complete power to perform the act required.

Appellee points out in his brief that Stanley R. Schrotel was no longer Chief of Police at the time appellant filed his petition. However, even if the petition is considered as being brought against the office of Chief of Police, that officer, by lodging a detainer against appellant based upon armed robbery warrants issued against him, is merely performing his duty and has no authority to remove the detainer placed against him.

As stated in *State, ex rel. Lotz,* v. *Hover, supra*:

"A writ of mandamus may only issue if the person against whom such writ is directed has the complete power to perform the act." No such complete power exists in the present case.

The judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

Taft, C. J., Matthias, O'Neill, Schneider, Herbert and Duncan, JJ., concur.

Zimmerman, J., not participating.